McGOVERN (SPAULDING v.). See Cases Nos. 13,217 and 13,218.

## Case No. 8,806.

### McGOWAN v. CALDWELL.

[1 Cranch. C. C. 481.] [1]

Circuit Court, District of Columbia. June Term, 1808.

PLEADING AT LAW—GENERAL PERFORMANCE—REJOINDER — EXCUSE FOR NOT PERFORMING — DECREE A VINCULO MATRIMONII—ARTICLES FOR ALIMONY.

1. After a plea of general performance, a rejoinder stating an excuse for not performing is bad.

2. A decree for a divorce a vinculo, and declaring that the articles entered into previously for alimony should remain in force, is no bar to an action upon a bond given to perform those articles.

[This was an action at law by McGowan against Timothy Caldwell.]

Debt on bond for performance of covenants for separate maintenance of the defendant's wife. Plea, general performance. Replication, non-payment of annuity. Rejoinder, divorce, and decree for alimony in Vermont. General demurrer and joinder.

Mr. Jones and Mr. F. S. Key, for defendant, contended that the bond is made void by the decree, although he admits that the covenants remain in force. When a person gets a security of a higher nature it merges the lower security. It is the same as if a judgment had been recovered on the bond. The court of Vermont has decreed the execution of the articles; but nothing is said of the bond. The divorce a vinculo matrimonii dissolves all the relation of husband and wife, and all the obligations of that relation. It dissolves not only the primary obligations, but all obligations or contracts founded upon such primary obligations. If the court had decreed a less alimony, or that a smaller sum should be allowed, the bond would have been void. So if a larger sum had been allowed. The court in Vermont, decreed that in lieu of all other alimony, the articles should remain in force as if the decree of divorce had not been made.

---

[1] [Reported by Hon. William Cranch, Chief Judge.]

Mr. Law and Mr. Morsell, in reply. The court in Vermont could not annul the bond, and discharge the surety. Smith v. Buchanan, 1 East, 11. McGowan, the trustee, did not get a higher security. It is not a decree enforcing the articles. The covenants are not void; the consideration has not failed; the consideration was not marriage, but separation. The dissolution of the marriage does not dissolve agreements and contracts of the parties grounded not on the marriage but on the separation. The decree says that the covenants should not lose their effect. The court in Vermont, did not intend to discharge the covenants, or the bond given to secure their performance.

THE COURT (nem. con.) adjudged the rejoinder to be bad; not only as a departure from the plea, but as bad in substance, the bond not being affected by the decree.